# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2013

No. 12-20772
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT A. TUFT,

Plaintiff-Appellant

v.

THE STATE OF TEXAS; BRENDA CHANEY, former Warden of Jester 3 Unit; KATHREN GONZALES, Lieutenant of Correctional Office at the Jester 3 Unit; RICHARD LEAL, Assistant Warden of the Jester 3 Unit; EDDIE WILSON; R. WALDON; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; J. P. GUYTON; KELLI WARD; MARY WARD; FRANK HOKE; DENISE JACKSON; MARY BECERRA; REGINALD HALL; BRENDA CARVER; JOE HICKS; DOUGLAS DRETKE, former Director of Texas Criminal Justice-Correctional Institutions Division (CID); JOHN DOE; JANE DOE; NATHANIEL QUARTERMAN, Current Director of Correctional Institutions Division; VERNON PITTMAN, current Warden of Jester 3 Unit,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2529

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robert A. Tuft, Texas prisoner # 1062966, appeals the district court's decision on remand to grant summary judgment on his 42 U.S.C. § 1983 claim. In his § 1983 claim, Tuft challenges the participation of Kathren Gonzalez, a female corrections officer, in a cross-sex strip search of his person performed on February 26, 2005, after corrections officers detected the smell of cigarette smoke in the prison dormitory. According to Tuft, Gonzalez participated in this search for the purpose of coercing Tuft to disclose information regarding the contraband cigarettes. Tuft claims that the search violated his Fourth and Eighth Amendment rights. He raises several issues on appeal.

Tuft contends that the district court erred in granting summary judgment to Gonzalez based on qualified immunity. "A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). A right is clearly established if "the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, --- U.S. ---, 131 S.Ct. 2074, 2083 (2011) (internal brackets and quotation marks omitted). To find a right clearly established, "we must be able to point to controlling authority – or a robust consensus of persuasive authority – that defines the contours of the right in question with a high degree of particularity and that places the statutory or constitutional question beyond debate." *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012) (internal quotation marks and citations omitted).

Tuft has not shown that Gonzalez's actions were objectively unreasonable in light of clearly established law. The rights that Tuft asserts in this action were not clearly established at the time of the search under either controlling authority or a consensus of persuasive authority. Accordingly, the district court did not err in granting Gonzalez's motion for summary judgment, denying Tuft's

cross-motion for summary judgment, and denying Tuft's motion under Federal Rule of Civil Procedure 59(e).

Tuft next argues that the district court erred in excluding Levi Peterson, a male corrections officer, as a defendant in his claim regarding the cross-sex strip search. Yet, Tuft did not name Peterson as a defendant or move to amend his complaint to add Peterson. Even if this court were to construe Tuft's memorandum in opposition to summary judgment as a motion to amend, the district court did not abuse its discretion in excluding Peterson. Tuft's proposed amendment would be futile in light of the qualified immunity analysis above. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991) ("We . . . affirm denials of motions to amend when amendment would be futile.").

Tuft claims that the district court abused its discretion in striking his supplemental response to Gonzalez's motion for summary judgment, which contained the revised version of the prison policy governing cross-sex strip searches enacted in 2006. The district court did not abuse its discretion in refusing to consider this document as untimely, filed without leave of court, and pertaining to a policy enacted after the 2005 search.

Finally, Tuft moves to disqualify the district court judge. Because Tuft fails to raise any facts or circumstances that would cause a reasonable person to question the judge's impartiality, *see Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003), his motion is denied.

AFFIRMED; MOTION DENIED.